No. 16-13745-EE

_____
_____

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT
_____

SEAN FREIXA,

Plaintiff-Appellant,

v.

PRESTIGE CRUISE SERVICES LLC, et al.,

Defendants-Appellees.
_____

On Appeal from the United States District Court
for the Southern District of Florida
_____

BRIEF FOR THE SECRETARY OF LABOR AS *AMICUS CURIAE*
IN SUPPORT OF PLAINTIFF-APPELLANT
_____

M. PATRICIA SMITH
Solicitor of Labor

JENNIFER S. BRAND
Associate Solicitor

PAUL L. FRIEDEN
Counsel for Appellate Litigation

DEAN A. ROMHILT
Senior Attorney

U.S. Department of Labor
Office of the Solicitor
200 Constitution Avenue, N.W.
Room N-2716
Washington, D.C.  20210
(202) 693-5550

_____
_____

SEAN FREIXA v. PRESTIGE CRUISE SERVICES LLC, <u>et</u> <u>al.</u>
Case No. 16-13745-EE

CERTIFICATE OF INTERESTED PERSONS
<u>AND CORPORATE DISCLOSURE STATEMENT</u>

To the Secretary's knowledge at this time, the following persons and entities have or may have an interest in the outcome of this appeal:

1.  Boutwell, Angelica Lee (Counsel for Defendants-Appellees)

2.  Brand, Jennifer S. (Associate Solicitor, U.S. Dep't of Labor)

3.  Burr & Smith, LLP (Counsel for Plaintiff-Appellant)

4.  Cooke, Marcia G. (Judge, U.S. District Court for the Southern District of Florida)

5.  Donnell, Loren (Counsel for Plaintiff-Appellant)

6.  Foley & Lardner LLP (Counsel for Defendants-Appellees)

7.  Freixa, Sean (Plaintiff-Appellant)

8.  Frieden, Paul L. (Counsel for Appellate Litigation, U.S. Dep't of Labor)

9.  Gershengorn, Ian Heath (Acting Solicitor General, U.S. Dep't of Justice)

10. Law Office of Keith M. Stern, PA (Counsel for Plaintiff-Appellant)

11. Neuberger, Mark J. (Counsel for Defendants-Appellees)

12. Norell, Robert S. (Counsel for Plaintiff-Appellant)

13. Perlman, Larry S. (Counsel for Defendants-Appellees)

SEAN FREIXA v. PRESTIGE CRUISE SERVICES LLC, <u>et</u> <u>al.</u>
Case No. 16-13745-EE

14.  Prestige Cruise Holdings, Inc. (Defendant-Appellee)

15.  Prestige Cruise Services LLC (Defendant-Appellee)

16.  Prestige Cruises International, Inc. (Defendant-Appellee)

17.  Robert S. Norell, PA (Counsel for Plaintiff-Appellant)

18.  Romhilt, Dean A. (Senior Attorney, U.S. Dep't of Labor)

19.  Secretary of Labor (*amicus curiae*)

20.  Smith, M. Patricia (Solicitor, U.S. Dep't of Labor)

21.  Smith, Sam J. (Counsel for Plaintiff-Appellant)

22.  Stern, Keith M. (Counsel for Plaintiff-Appellant)

23.  Torres, Edwin G. (Magistrate Judge, U.S. District Court for
     the Southern District of Florida)


     To the Secretary's knowledge at this time, no publicly
traded company or corporation has an interest in the outcome of
this appeal other than any company or corporation identified by
Defendants-Appellees in their Certificate of Interested Persons
and Corporate Disclosure Statement.


                              /s/ Dean A. Romhilt
                              DEAN A. ROMHILT

TABLE OF CONTENTS

Page

CERTIFICATE OF INTERESTED PERSONS AND
CORPORATE DISCLOSURE STATEMENT................................ C-1

TABLE OF CONTENTS............................................. i

TABLE OF CITATIONS........................................... ii

INTEREST AND AUTHORITY....................................... 1

STATEMENT OF THE ISSUE....................................... 3

STATEMENT OF THE CASE........................................ 3

    A.   Factual Background.................................... 3

    B.   District Court Decision.............................. 6

SUMMARY OF ARGUMENT.......................................... 8

ARGUMENT.................................................... 10

    THE DISTRICT COURT ERRED BY FAILING TO DETERMINE ON A
    WORKWEEK-BY-WORKWEEK BASIS WHETHER THE MINIMUM PAY
    REQUIREMENT IN SECTION 7(i) WAS MET AND BY NOT, AS
    PART OF THAT DETERMINATION, ALLOCATING FREIXA'S
    COMMISSIONS TO PARTICULAR WORKWEEKS AS PROVIDED BY
    THE DEPARTMENT'S REGULATIONS............................ 10

    A.   Section 7(i)'s Minimum Pay Requirement Must Be
        Determined on a Workweek-by-Workweek Basis........... 10

    B.   When Analyzing 7(i)'s Minimum Pay Requirement on
        a Workweek-by-Workweek Basis, Each Commission
        Payment Should Be Allocated to the Workweeks in
        the Month during which It Was Earned................. 22

CONCLUSION.................................................. 30

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF SERVICE

<u>TABLE OF CITATIONS</u>

Page

Cases:

<u>Arnold v. Ben Kanowsky, Inc.</u>,
   361 U.S. 388 (1960)....................................... 2

<u>Birdwell v. City of Gadsden</u>,
   970 F.2d 802 (11th Cir. 1992)............................ 2

<u>Forster v. Smartstream, Inc.</u>,
   No. 3:13-cv-866, 2016 WL 70605
   (M.D. Fla. Jan. 6, 2016)................................ 21

<u>Henriquez v. Total Bike, LLC</u>,
   No. 13-20417-CIV, 2013 WL 6834656
   (S.D. Fla. Dec. 23, 2013)............................... 21

<u>Herman v. Fabri-Centers of Am., Inc.</u>,
   308 F.3d 589 (6th Cir. 2002)......................... 15-16

<u>Johnson v. Wave Comm GR LLC</u>,
   4 F. Supp.3d 423 (N.D.N.Y. 2014).................... 19, 28

**<u>Klinedinst v. Swift Invs., Inc.</u>,
   260 F.3d 1251 (11th Cir. 2001).............. 14, 16, 17, 18

<u>Kuntsmann v. Aaron Rents, Inc.</u>,
   903 F. Supp.2d 1258 (N.D. Ala. 2012).................... 21

<u>Overnight Motor Transp. Co. v. Missel</u>,
   316 U.S. 572 (1942)................................. 14, 15

<u>Owopetu v. Nationwide CATV Auditing Servs., Inc.</u>,
   No. 5:10-cv-18, 2011 WL 883703
   (D. Vt. Mar. 11, 2011).............................. 20, 29

<u>O'Brien v. Town of Agawam</u>,
   350 F.3d 279 (1st Cir. 2003)............................ 15

<u>Rodriguez v. Home Heroes, LLC</u>,
   No. 8:13-cv-2711-T-26AEP, 2015 WL 668009
   (M.D. Fla. Feb. 17, 2015)............................... 17

<u>Schwind v. EW & Assoc.</u>,
   371 F. Supp.2d 560 (S.D.N.Y. 2005)...................... 22

Page

Cases—continued:

Selz v. Investools, Inc.,
     No. 2:09-CV-1042, 2011 WL 285801
     (D. Utah Jan. 27, 2011)............................... 18-19

Takacs v. A.G. Edwards & Sons, Inc.,
     444 F. Supp.2d 1100 (S.D. Cal. 2006).................... 18

Triple "AAA" Co. v. Wirtz,
     378 F.2d 884 (10th Cir. 1967) .......................... 29

Viciedo v. New Horizons Comput. Learning Ctr., Ltd.,
     246 F. Supp.2d 886 (S.D. Ohio 2003).............. 19, 20, 29

Wagner v. ABW Legacy Corp.,
     No. CV-13-2245, 2016 WL 880371
     (D. Ariz. Mar. 8, 2016)............................ 20, 29

** Walling v. Youngerman-Reynolds Hardwood Co.,
     325 U.S. 419 (1945)............................... 14, 17-18

Walton v. United Consumers Club, Inc.,
     786 F.2d 303 (7th Cir. 1986)............................ 29


Statutes:

   Fair Labor Standards Act, 29 U.S.C. 201, et seq.:

     Section 4, 29 U.S.C. 204 ................................ 2
     Section 6, 29 U.S.C. 206........................... 5-6, 11
     Section 7, 29 U.S.C. 207................................. 2
     Section 7(a), 29 U.S.C. 207(a)................. 5 & passim
     Section 7(a)(1), 29 U.S.C. 207(a)(1)..................... 14
     Section 7(h)(2), 29 U.S.C. 207(h)(2).................... 16
  ** Section 7(i), 29 U.S.C. 207(i).................. 1 & passim
  ** Section 7(i)(1), 29 U.S.C. 207(i)(1)............. 12, 13, 29
     Section 7(i)(2), 29 U.S.C. 207(i)(2).................... 29
     Section 7(j), 29 U.S.C. 207(j).......................... 15
     Section 7(k), 29 U.S.C. 207(k).......................... 15
     Section 11(a), 29 U.S.C. 211(a)......................... 2
     Section 16(c), 29 U.S.C. 216(c)......................... 2
     Section 17, 29 U.S.C. 217............................... 2

Page

Code of Federal Regulations:

    29 C.F.R. part 778 ........................................ 23

       29 C.F.R. 778.100........................................ 15
       29 C.F.R. 778.101........................................ 15
       29 C.F.R. 778.102........................................ 15
       29 C.F.R. 778.103........................................ 15
  ** 29 C.F.R. 778.104...................... 7, 15, 18, 19
       29 C.F.R. 778.105........................................ 15
       29 C.F.R. 778.106........................................ 15
  ** 29 C.F.R. 778.119........................ 9, 23, 28
  ** 29 C.F.R. 778.120.............................. 7 & passim
  ** 29 C.F.R. 778.120(a)......................... 24, 25, 26
  ** 29 C.F.R. 778.120(a)(1).......................... 24
       29 C.F.R. 778.120(b)............................... 24, 25

    29 C.F.R. part 779:

  ** 29 C.F.R. 779.419......................................... 9
  ** 29 C.F.R. 779.419(a)............................... 11, 18
  ** 29 C.F.R. 779.419(b)........................... 11 & passim

Department of Labor, Wage and Hour Division:

    Fact Sheet #20, Employees Paid Commissions By Retail
    Establishments Who Are Exempt Under Section 7(i)
    From Overtime Under The FLSA, available at
    http://www.dol.gov/whd/regs/compliance/whdfs20.pdf .. 11-12, 13

    Field Operations Handbook, Chapter 21, available at
    http://www.dol.gov/whd/FOH/FOH_Ch21.pdf .................... 13
      § 21h03(a)............................................... 13
      § 21h03(b)............................................... 13

    Opinion Letters:

  ** FLSA2005-44, 2005 WL 3308615 (Oct. 24, 2005).......... 12-13
    WH 515, 1982 WL 213487 (July 13, 1982)................... 25
  ** WH-379, 1976 WL 41731 (Mar. 26, 1976).................... 12
  ** WH-135, 1971 WL 33072 (May 27, 1971).................... 12

Page

Federal Rules of Appellate Procedure:

    Rule 29(a) ................................................. 3


Federal Rules of Civil Procedure:

    Rule 30(b)(6) ...................................... 4, 5, 27

No. 16-13745-EE

_____
_____

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT
_____

SEAN FREIXA,

Plaintiff-Appellant,

v.

PRESTIGE CRUISE SERVICES LLC, et al.,

Defendants-Appellees.
_____

On Appeal from the United States District Court
for the Southern District of Florida
_____

BRIEF FOR THE SECRETARY OF LABOR AS *AMICUS CURIAE*
IN SUPPORT OF PLAINTIFF-APPELLANT
_____

The Secretary of Labor ("Secretary") files this brief as
*amicus curiae* in support of Plaintiff-Appellant Sean Freixa
("Freixa").  This Court should reverse the district court's
ruling that Freixa was paid a regular rate in excess of one and
one-half times the minimum wage as required for the overtime pay
exemption at section 7(i) of the Fair Labor Standards Act
("FLSA" or "Act"), 29 U.S.C. 207(i), to apply.

INTEREST AND AUTHORITY

The Secretary has a strong interest in the proper judicial
interpretation of the FLSA because he administers and enforces

the Act.  See 29 U.S.C. 204, 211(a), 216(c), 217.  As with all of the Act's exemptions, the 7(i) exemption should be narrowly construed.  See Arnold v. Ben Kanowsky, Inc., 361 U.S. 388, 392 (1960); Birdwell v. City of Gadsden, 970 F.2d 802, 805 (11th Cir. 1992) ("Exemptions from the overtime provisions of section 207 are to be narrowly construed against the employer.").

The 7(i) exemption from overtime pay is available only to employees who are paid primarily by commissions and who receive guaranteed minimum pay.  See 29 U.S.C. 207(i).  The plain language of the statutory exemption, as well as the regulations and opinion letters issued by the Department of Labor ("Department"), provide that the exemption applies on a workweek-by-workweek basis and require that the employee be paid at least one and one-half times the FLSA's minimum wage in a workweek for the exemption to apply in that workweek.

The district court's decision undermines the minimum pay guarantee that the FLSA provides to employees who are subject to the exemption by failing to require compliance with the guarantee on a workweek-by-workweek basis.  Under the district court's reasoning, an employer could pay an employee less than the minimum weekly pay required by the exemption for weeks upon weeks between commission payments on the grounds that the employee has been paid or will be paid enough commissions during the entire course of employment such that the employee's average

2

hourly rate will exceed one and one-half times the minimum wage.
Moreover, the employee could quit or the employer could
terminate the employee's employment before the commissions that
would bring the average hourly rate above one and one-half times
the minimum wage are earned and paid.  These possible scenarios
demonstrate the importance of adhering to the workweek-by-
workweek approach set forth in the statutory text and the
Department's regulations and opinion letters.

Federal Rule of Appellate Procedure 29(a) authorizes the
Secretary to file this brief.

<u>STATEMENT OF THE ISSUE</u>

In concluding that Freixa was paid a regular rate in excess
of one and one-half times the minimum wage as required for the
overtime pay exemption at section 7(i) of the FLSA to apply, did
the district court err by dividing Freixa's total pay including
commissions by his total hours worked during his entire
employment to find his average hourly rate instead of allocating
his commissions to particular workweeks as provided by
regulation and determining on a workweek-by-workweek basis
whether section 7(i)'s minimum pay requirement was met.

<u>STATEMENT OF THE CASE</u>

A.    <u>Factual Background</u>

Freixa was a Personal Vacation Consultant who sold cruises
for Defendant-Appellee Prestige Cruise Services LLC

3

("Prestige").  See ECF No. 74, Order Granting Defendants' Motion
for Summary Judgment ("Order"), 1.[1]  During Freixa's
approximately 12 months of employment, Prestige paid him a
weekly salary of $500 and commissions based on the cruises that
he sold.  See id.

Prestige calculated the commissions on a monthly basis and
paid the commissions earned during a month toward the end of the
following month.  See ECF No. 42-16 at 4-5; see also ECF No. 42-
13 at 45:3-5 (commissions "are calculated monthly and paid by
the end of the following month"), 68:11-14 (commissions "were
calculated monthly, reviewed by management, and paid by payroll
by the end of the following month").[2]  For example, Prestige paid
in late February 2014 the commissions earned by Freixa in
January 2014, paid in late March 2014 the commissions earned by
him in February 2014, and so on.  See ECF No. 42-16 at 4-5.  For
each commission dollar earned by Freixa, Prestige identified the
month in which it was earned.  See id.

Freixa met with his manager to develop monthly personal
goals regarding the number of cruises that he would sell and the
amount of commissions that he would earn.  See ECF No. 42-10 at

_____

[1] The Order is available in Volume III of Plaintiff-Appellant's
Appendix.

[2] ECF No. 42-16 consists of excerpts from Prestige's interrogatory
answers and is available in the Appendix, Volume I.  ECF No. 42-
13 is the deposition testimony of a Prestige corporate designee
(pursuant to Federal Rule of Civil Procedure 30(b)(6)) and is
also available in Volume I.

4

2-4.  For example, his booking goal was 13 in February 2014,
which would have earned him a commission of $4,582 for that
month.  See id. at 2.  If he made fewer than four bookings in a
month, no commissions were paid for the month.  See ECF No. 43,
¶ 7.[3]  Personal Vacation Consultants had "to make a certain
amount of bookings and revenue on a monthly basis in order to
keep the job."  ECF No. 42-14 at 42:7-9.[4]  Prestige's monthly
commission payments to Freixa ranged from $0 to over $9,000.
See ECF No. 42-16 at 4-5.  Prestige paid Freixa about $70,000 in
salary and commissions during his approximately one year of
employment.  See Order, 1.

    Freixa alleged that he frequently worked over 60 hours per
week and Prestige did not pay him overtime due.  See Order, 1-2.
Prestige did not track the number of hours worked by Freixa each
week.  See Order, 2, 5-6.  It treated him as exempt from
overtime pay under section 7(i), which provides that employees
of retail or service establishments may be exempt if certain
criteria are met:

> No employer shall be deemed to have violated [29 U.S.C.
> 207(a)] by employing any employee of a retail or service
> establishment for a workweek in excess of the applicable
> workweek specified therein, if (1) the regular rate of pay
> of such employee is in excess of one and one-half times the
> minimum hourly rate applicable to him under [29 U.S.C.

---

[3] ECF No. 43 is available in the Appendix, Volume II.

[4] ECF No. 42-14 is the deposition testimony of a second Prestige
30(b)(6) corporate designee and is available in the Appendix,
Volume I.

206], and (2) more than half his compensation for a
representative period (not less than one month) represents
commissions on goods or services.

29 U.S.C. 207(i).

Thus, for the exemption to apply, the employer must pay the
employee more than one and one-half times the FLSA's minimum
wage ($7.25 per hour).  Assuming a 60-hour workweek, the
employee must be paid more than $652.50 ($7.25 times 1.5 times
60) for the exemption to apply; a $500 weekly salary alone is
insufficient.

B.    District Court Decision

Freixa sued Prestige and others on behalf of himself and
similarly-situated Personal Vacation Consultants seeking unpaid
overtime allegedly due under the FLSA.  See ECF No. 1,
Complaint.[5]  Both Prestige and Freixa filed summary judgment
motions regarding whether the 7(i) exemption applies.

Freixa argued that his regular rate did not exceed one and
one-half times the minimum wage during most weeks of his
employment as required for the exemption to apply.  See Order,
3-5.  Taking a week-by-week approach, he argued that his regular
rate exceeded the required pay threshold only in those nine
weeks in which he received a commission payment.  See id.  In
the remaining 43 weeks, according to him, the $500 salary
payment did not satisfy 7(i)'s minimum pay requirement, and thus

---

[5] The Complaint is available in the Appendix, Volume I.

6

the exemption did not apply and he was entitled to overtime pay
for hours worked over 40 in a week.  See id.

Prestige argued that, in determining the regular rate,
Freixa's total earnings during his 12 months of employment
should be averaged by his total hours worked.  See Order, 3.
According to Prestige, the resulting average hourly rate
exceeded one and one-half times the minimum wage, and the 7(i)
exemption applied for the entirety of Freixa's employment.  See
id.

The district court agreed with Prestige, finding that
"pertinent case law, regulations, and common sense favor [its]
position."  Order, 4.  It noted that "the general rule for
computing possible overtime wages for all employees,
commissioned or otherwise, 'takes a single workweek as its
standard and does not permit averaging of hours over 2 or more
weeks.'"  Id. (quoting 29 C.F.R. 778.104).  The district court,
however, also noted that "federal regulations permit 'some other
reasonable and equitable method' to distribute deferred
commissions in cases where it is 'not possible or practicable to
allocate the commission among the workweeks of the period in
proportion to the amount of commission actually earned or
reasonably presumed to be earned each week.'"  Id. (quoting 29
C.F.R. 778.120).  It asserted that "district courts in this
circuit have often averaged a commissioned employee's total

7

wages and deferred commissions earned over their total number of weeks worked to determine an hourly regular rate of pay." Id.

In the district court's view, it was "'not possible or practicable to allocate' [Freixa's] commissions by each workweek since he received lump-sum commission payments for cruise vacation sales he completed in prior weeks." Order, 4. Rejecting Freixa's argument that each commission payment should be allocated to the workweek in which it was paid, the district court stated that "[c]alculating [Freixa's] regular rate of pay by simply assessing payments week-by-week neglects that commissions were not paid until several weeks' worth of sales were made." Id. at 4-5. The district court concluded that "averaging the total base pay and commissions across [Freixa's] employment hours is a 'reasonable and equitable method' [to determine his] hourly regular rate of pay." Id. at 5. Applying that approach, the district court determined that Freixa's average hourly rate during his 12 months of employment exceeded one and one-half times the minimum wage and that 7(i)'s minimum pay requirement was thus satisfied. See id.

## SUMMARY OF ARGUMENT

Section 7(i)'s plain text and the Department's regulations and opinion letters applying the exemption demonstrate that an employee must be paid more than one and one-half times the minimum wage in a workweek to be exempt for that workweek. The

8

district court erred by rejecting this workweek-by-workweek analysis and instead dividing Freixa's total earnings during his employment ($500 weekly salary and commissions) by his total hours worked to calculate an average hourly rate.  Payment of periodic commissions is no basis to reject a workweek-by-workweek analysis of the exemption's applicability and to instead rely on an average hourly rate spanning 12 months of employment.  The district court should have, consistent with the Department's regulations, determined the period during which the commissions were earned and allocated the commissions to the workweeks within that period.  The evidence showed that Freixa's commissions were earned on a monthly basis, and consistent with 29 C.F.R. 778.119, 778.120, and 779.419, the district court should have allocated each commission payment evenly across the workweeks in the month during which it was earned.  Had the district court correctly performed this analysis, it would have determined that Freixa earned over one and one-half times the minimum wage in many workweeks, but did not satisfy 7(i)'s minimum pay requirement and was thus eligible for overtime pay in the remaining workweeks.

<u>ARGUMENT</u>

THE DISTRICT COURT ERRED BY FAILING TO DETERMINE ON A
WORKWEEK-BY-WORKWEEK BASIS WHETHER THE MINIMUM PAY
REQUIREMENT IN SECTION 7(i) WAS MET AND BY NOT, AS PART OF
THAT DETERMINATION, ALLOCATING FREIXA'S COMMISSIONS TO
PARTICULAR WORKWEEKS AS PROVIDED BY THE DEPARTMENT'S
REGULATIONS

A.    Section 7(i)'s Minimum Pay Requirement Must Be
      <u>Determined on a Workweek-by-Workweek Basis.</u>

Section 7(i)'s text, the Department's regulations and

opinion letters, and caselaw show that compliance with the

exemption's minimum pay requirement must be determined on a

workweek-by-workweek basis.

1.    Section 7(i)'s plain language provides that the

exemption applies on a workweek-by-workweek basis.  It states

that certain employers do not violate section 7(a)'s overtime

pay requirement if they employ an employee "for a *workweek* in

excess of the applicable *workweek* specified" in section 7(a)

(i.e., in excess of a 40-hour workweek) if a minimum pay

requirement (one and one-half times the minimum wage) is

satisfied and the employee is paid primarily by commissions.  29

U.S.C. 207(i) (emphases added).

The Department, following the statutory language, has

repeatedly stated that the 7(i) exemption and its minimum pay

requirement must be determined on a workweek-by-workweek basis.

Specifically, the Department's regulations state that, for an

employee paid primarily by commissions:

10

> [O]ne additional condition must be met in order for the employee to be exempt under section 7(i) from the overtime pay requirement of section 7(a) of the Act in *a workweek* when his hours of work exceed the maximum number specified in section (a).  This additional condition is that his "regular rate" of pay for *such workweek* must be more than one and one-half times the minimum hourly rate applicable to him from the minimum wage provisions of section 6 of the Act.  If it is not more than one and one-half times such minimum rate, there is no overtime pay exemption for the employee *in that particular workweek*.

29 C.F.R. 779.419(a) (emphases added).  With respect to 7(i)'s requirement that the regular rate of pay must exceed one and one-half times the minimum wage, the regulations provide:

> The requirement of section 7(i) with respect to the "regular rate" of pay of an employee who may come within the exemption which it provides is a simple one: "the regular rate of pay of such employee," when employed "for a workweek in excess of the applicable workweek specified" in section 7(a), must be "in excess of one and one-half times the minimum hourly rate applicable to him under section 6." The employee's "regular rate" of pay must be computed, in accordance with the principles discussed above, on the basis of his hours of work in *that particular workweek* and the employee's compensation attributable to such hours.

29 C.F.R. 779.419(b) (emphasis added).[6]

The Department's Wage and Hour Division ("WHD") has stated in a fact sheet and opinion letters that the minimum pay determination must be made on a workweek-by-workweek basis. WHD's Fact Sheet #20 states that, for the exemption to apply, "the employee's regular rate of pay must exceed one and one-half

---

[6] As discussed below, an employee's regular rate of pay is the hourly rate of pay for a particular workweek (i.e., the amount of pay received during the week divided by the number of hours worked).

times the applicable minimum wage for every hour worked in a
workweek in which overtime hours are worked." Fact Sheet #20:
Employees Paid Commissions By Retail Establishments Who Are
Exempt Under Section 7(i) From Overtime Under The FLSA, available
at http://www.dol.gov/whd/regs/compliance/whdfs20.pdf.

In 1971, WHD stated that "it is the Division's position
that 7(i)(1) applies on a workweek basis" and that "[t]he hourly
rate averaged over the entire representative period may not be
used to satisfy the requirements of section 7(i)(1)." WHD Op.
Lett. WH-135, 1971 WL 33072, at *1 (May 27, 1971). In 1976, WHD
stated that "section 7(i)(1) applies on a workweek basis" and
that the 7(i) exemption applies to employees "provided that they
receive, free and clear, for each workweek in which the
exemption may apply, in excess of one and one-half times the
minimum hourly rate applicable to them." WHD Op. Lett. WH-379,
1976 WL 41731, at *1 (Mar. 26, 1976). And in 2005, WHD stated
that "the regular rate requirement of section 7(i) applies on a
workweek basis. Averages of compensation for two or more weeks
do not satisfy the 'regular rate' requirement of the [7(i)]
exemption. . . . Therefore, you must assess the applicability
of section 7(i) on a workweek-by-workweek basis for each

12

employee." WHD Op. Lett. FLSA2005-44, 2005 WL 3308615, at *1 (Oct. 24, 2005).[7]

2. The fact that the regular rate of pay and whether overtime pay is due under the FLSA are determined on a workweek-by-workweek basis further supports the conclusion that compliance with 7(i)'s minimum pay requirement must be determined on a workweek-by-workweek basis.

Section 7(i)(1) provides that an employee's "regular rate of pay" must exceed one and one-half times the minimum wage for the exemption to apply. 29 U.S.C. 207(i)(1). An employee's

---

[7] WHD's Field Operations Handbook ("FOH") § 21h03(a) provides that "[a] week-by-week determination of the regular rate for purposes of section 7(i)(1) is not necessary if the earnings are consistently and obviously higher than required to meet the test. However, situations may be encountered where the test is not clearly met and specific determinations of the regular rate for particular weeks are required." FOH Chapter 21, available at http://www.dol.gov/whd/FOH/FOH_Ch21.pdf. Freixa's $500 weekly salary alone was not more than one and one-half times the minimum wage considering his allegation that he worked 60-hour weeks and the fact that he was not paid any commissions in several months. Thus, his earnings were not "consistently and obviously" higher than one and one-half times the minimum wage, and "specific determinations of the regular rate for particular weeks" were required. FOH § 21h03(b) states that, in determining whether 7(i)'s minimum pay requirement is satisfied, "the employer may divide the employee's total earnings attributed to the *pay period* by the employee's total hours worked during such pay period" (emphasis in original). Fact Sheet #20 contains identical language. To the extent that an employer's pay period is not weekly, the references in FOH § 21h03(b) and Fact Sheet #20 to "pay periods" would be imprecise for the reasons set forth in the Department's other guidance and herein. In any event, the district court determined Freixa's regular rate for a 12-month period, not per pay period (which was bi-weekly).

regular rate of pay is "the hourly rate actually paid the employee for the normal, non-overtime workweek for which he is employed." <u>Walling v. Youngerman-Reynolds Hardwood Co.</u>, 325 U.S. 419, 424 (1945). The regular rate "coincides with the hourly rate actually received for all hours worked during the particular workweek" and "by its very nature must reflect all payments which the parties have agreed shall be received regularly during the workweek, exclusive of overtime payments." <u>Id</u>. Indeed, "[i]t is a rate per hour, computed for the particular workweek by a mathematical computation in which hours worked are divided into straight-time earnings for such hours to obtain the statutory regular rate." 29 C.F.R. 779.419(b) (citing <u>Overnight Motor Transp. Co. v. Missel</u>, 316 U.S. 572 (1942)). This Court has recognized that "[t]he regular rate is determined by dividing the employer's total compensation during the workweek by the number of hours worked." <u>Klinedinst v. Swift Invs., Inc.</u>, 260 F.3d 1251, 1256 (11th Cir. 2001) (citing 29 C.F.R. 779.419(b)). Because an employee's regular rate of pay under the FLSA is determined for a particular workweek, whether an employee's regular rate satisfies 7(i)'s minimum pay requirement also must be determined each workweek.

Moreover, section 7(a)'s overtime pay requirement, referenced by section 7(i), generally applies on a workweek basis. <u>See</u> 29 U.S.C. 207(a)(1) (an employer shall not employ an

14

employee "who in any workweek is engaged in commerce . . . for a workweek longer than forty hours" unless the employee receives one and one-half times the regular rate of pay for the hours worked over 40).[8] "It is likewise abundantly clear from the words of section 7 that the unit of time under that section within which to distinguish regular from overtime is the week." Overnight Motor, 316 U.S. at 579; see O'Brien v. Town of Agawam, 350 F.3d 279, 298 (1st Cir. 2003) (the workweek is the "basic unit" of the FLSA's overtime pay requirement). The Department's regulations provide that the workweek is the basis for determining whether overtime pay is due. See 29 C.F.R. 778.100-106. "If in any workweek an employee is covered by the Act and is not exempt from its overtime pay requirements, the employer must total all the hours worked by the employee for him in that workweek . . . and pay overtime compensation for each hour worked in excess of [40 hours]." 29 C.F.R. 778.103. "The Act takes a single workweek as its standard and does not permit averaging of hours over 2 or more weeks." 29 C.F.R. 778.104. Indeed, "the FLSA as a whole and the [Department's] implementing regulations . . . highlight the primacy of the workweek concept." Herman v. Fabri-Centers of Am., Inc., 308 F.3d 589,

---

[8] The FLSA allows, in rare circumstances, overtime to be calculated for a period other than a workweek. See 29 U.S.C. 207(j) (14 days for certain hospital employees), 207(k) (up to 28 days for certain workers engaged in fire protection or law enforcement activities).

589 (6th Cir. 2002).  The primacy of the workweek when applying
section 7(a) supports determining on a workweek-by-workweek
basis whether the 7(i) exemption is satisfied.  Cf. id. at 589-
590 (the FLSA's and its regulations' focus on the workweek "lend
support" to Secretary's position that extra compensation credits
under section 7(h)(2) apply on a workweek-by-workweek basis).

   3.  This Court's decision in Klinedinst supports the
conclusion that 7(i)'s minimum pay requirement must be satisfied
on a weekly basis.  In Klinedinst, the employer assigned a
predetermined number of "flag hours" to each job, and the
employee was paid the total number of flag hours for all jobs
worked multiplied by an hourly rate.  See 260 F.3d at 1253.  The
number of flag hours assigned did not necessarily correspond to
the number of hours worked to complete the job; the actual hours
worked could have been more or less than the assigned number of
flag hours.  See id.

   This Court recognized that the regular rate of pay "is the
'hourly rate actually paid the employee for the normal,
nonovertime workweek[,]'" "'must reflect all payments which the
parties agreed shall be received regularly during the
workweek,'" and "is determined by dividing the employer's total
compensation during the workweek by the number of hours worked."
Klinedinst, 260 F.3d at 1256 (quoting 29 C.F.R. 779.419(b)).
Although the regular rate paid to the employee was more than one

16

and one-half times the minimum wage (assuming the employee
worked 40-hour weeks), the employer failed to keep "records of
the 'regular hourly rate of pay for any workweek in which
overtime compensation is due'" or the "'total hours worked each
workweek.'"  Id. at 1257 (quoting the Department's FLSA
recordkeeping regulations).  This Court concluded that, "in any
given week, the number of hours actually worked [by the
employee] could have been greater than or less than" the flag
hours for the week, and "[t]he number of hours worked per week
is a genuine issue of material fact."  Id.  Because this Court
could not determine the hours worked in a week and thus the
regular rate of pay, it could not determine whether the employer
satisfied 7(i)'s minimum pay requirement.  See id.  It did not,
however, resort to averaging the employee's total pay by his
total hours worked over the course of his employment.

4.  Numerous district courts have determined the
applicability of the 7(i) exemption on a workweek-by-workweek
basis.  As the district court here noted (see Order, 4), one
district court within this Circuit concluded that the regular
rate of pay, and thus whether 7(i)'s minimum pay requirement is
satisfied, is determined on a workweek-by-workweek basis.  See
Rodriguez v. Home Heroes, LLC, No. 8:13-cv-2711-T-26AEP, 2015 WL
668009, at *8 (M.D. Fla. Feb. 17, 2015) (citing Youngerman-

17

Reynolds Hardwood, 325 U.S. at 424 and 29 C.F.R. 778.104, 779.419(b)).

Elsewhere, many district courts have relied on section 7(i)'s plain language and the Department's regulations to rule that the exemption's minimum pay requirement must be analyzed on a workweek-by-workweek basis and that the requirement cannot be satisfied by an average hourly rate paid over a longer period. "That the plain language of the statute explicitly bases the calculation of the minimum compensation on a 'workweek' supports Plaintiffs' arguments that the amount of pay should be calculated on a per workweek basis, rather than on a monthly basis as Defendants calculated." Takacs v. A.G. Edwards & Sons, Inc., 444 F. Supp.2d 1100, 1113 (S.D. Cal. 2006). Relying also on the Department's regulations and Klinedinst, the court rejected the average hourly rate calculated by the employer and ruled that the employer had not shown that it satisfied 7(i)'s minimum pay requirement. See id. at 1113-14. Indeed, as explained by another district court, "[t]he regulations clearly state that the minimum wage requirement is to be calculated on a weekly basis, and if not satisfied, then the employer loses the exemption for that week." Selz v. Investools, Inc., No. 2:09-CV-1042, 2011 WL 285801, at *9 (D. Utah Jan. 27, 2011) (citing 29 C.F.R. 779.419(a)). In Selz, the court concluded that the 7(i) exemption "is lost for the weeks that an employer fails to

compensate its employees at one and half times the minimum wage" based on "a week-by-week determination" of whether the minimum pay requirement is met.  Id. at *10.

In Johnson v. Wave Comm GR LLC, 4 F. Supp.3d 423, 445 (N.D.N.Y. 2014), the court, citing 29 C.F.R. 778.104, ruled that "the regular rate of pay must be calculated on a weekly basis and the average amount of hours worked cannot be used" when determining whether 7(i)'s minimum pay requirement is satisfied. Analyzing whether the requirement was met on a workweek-by-workweek basis, the court concluded that the employer could not satisfy the requirement for the period during which it failed to track its employees' weekly hours worked and did satisfy the requirement for some, but not all, of the weeks during the period when it did track their hours worked.  See id. at 445-46.

In Viciedo v. New Horizons Computer Learning Center, Ltd., 246 F. Supp.2d 886, 895 (S.D. Ohio 2003), the employer acknowledged that the employees were paid less than one and one-half times the minimum wage in some workweeks but argued that their average hourly rate during their employment exceeded one and one-half times the minimum wage and thus were exempt. Relying on 29 C.F.R. 779.419(b), the court rejected this argument because "a determination that these Plaintiffs earned a regular rate of pay that exceeded one and one-half times the minimum wage based on their total hours worked and total

19

compensation earned would be in derogation of the [Department's] specific finding that the regular rate of pay is to be calculated on the basis of hours worked and compensation earned in a particular workweek." 246 F. Supp.2d at 895. The court concluded that the employer failed to show that it satisfied 7(i)'s minimum pay requirement for those weeks during which the employees earned less than one and one-half times the minimum wage. See id. at 895-96.

And in Owopetu v. Nationwide CATV Auditing Services, Inc., No. 5:10-cv-18, 2011 WL 883703, at *10 (D. Vt. Mar. 11, 2011), the court relied on the Department's regulations to reject the argument that "a single rate of pay should be calculated based on [the employee's] aggregate hours worked and aggregate compensation earned" and conclude that the "regular rate of pay must be calculated weekly because, absent an exemption, the FLSA requires employers to pay overtime compensation to employees who work more than forty hours in any given week." Applying 7(i)'s minimum pay requirement on a weekly basis, the court found that the employee's regular rate of pay exceeded one and one-half times the minimum wage in many weeks, but not in several other weeks (and that the exemption thus could not apply in those weeks). See id. at *10-11.[9]

---

[9] See also Wagner v. ABW Legacy Corp., No. CV-13-2245, 2016 WL 880371, at *17 (D. Ariz. Mar. 8, 2016) (denying employer's

Finally, the district court decisions within this Circuit relied on by the district court here provide no persuasive reasoning for failing to analyze 7(i)'s minimum pay requirement on a workweek-by-workweek basis.  In Forster v. Smartstream, Inc., No. 3:13-cv-866, 2016 WL 70605, at *6 (M.D. Fla. Jan. 6, 2016), the district court acknowledged that "the regulations provide a regular rate of pay should be established weekly." Yet, it averaged the employee's commissions and other pay over 45 weeks because "the record is silent as to what [commissions] apply to what weeks," and used the average rate to deny the employee's motion for summary judgment arguing that the exemption did not apply (as opposed to concluding that it did apply).  Id. at *6-7.  In Henriquez v. Total Bike, LLC, No. 13-20417-CIV, 2013 WL 6834656, at *3 (S.D. Fla. Dec. 23, 2013), the district court stated that the regular rate is determined per pay period and that the employee "was always paid" more than one and one-half times the minimum wage before supplementing its conclusion by using the employee's average hourly rate over 128 weeks.  And in Kuntsmann v. Aaron Rents, Inc., 903 F. Supp.2d 1258, 1268 (N.D. Ala. 2012), the district court ignored the employee's commission earnings and did not average the employee's total pay when determining whether 7(i)'s minimum pay

---

summary judgment motion arguing that 7(i) exemption applied because employee was paid less than one and one-half times the minimum wage "during at least three pay periods").

requirement was met; instead, it took his annual salary, converted it to a weekly amount, divided that amount by the hours allegedly worked, and concluded that the hourly rate determined using the weekly amount exceeded one and one-half times the minimum wage.[10]  To the extent that these decisions can be said to support determining an average regular rate over a period longer than a week, as the district court did here, they are contrary to section 7(i)'s plain text and the Department's regulations and opinion letters.

In sum, the district court erred by failing to determine on a workweek-by-workweek basis whether Prestige's pay to Freixa satisfied 7(i)'s minimum pay requirement.

B.  When Analyzing 7(i)'s Minimum Pay Requirement on a Workweek-by-Workweek Basis, Each Commission Payment Should Be Allocated to the Workweeks in the Month during which It Was Earned.

As discussed above, an employee's regular rate of pay and whether 7(i)'s minimum pay requirement is satisfied must be determined for each workweek in which the exemption may apply.

---

[10] Schwind v. EW & Associates, 371 F. Supp.2d 560 (S.D.N.Y. 2005), is similarly unpersuasive.  In Schwind, there were "unique circumstances" given that the employee "was not paid on a set schedule because he worked solely on commission and was paid only after defendants were paid by their customers."  Id. at 568.  According to the court, these "unique circumstances" and the fact that neither party submitted any evidence of the hours worked made it "necessary to adopt a 'reasonable and equitable' method other than those provided in the regulation."  Id.  The court's reasoning, even if it were legally correct, cannot apply to Freixa, who was paid a monthly commission and alleged the number of overtime hours worked.

However, commissions are often paid on a basis other than weekly.  The Department's regulations account for this circumstance and, consistent with the FLSA's workweek-by-workweek approach, provide guidance for determining an employee's regular rate when commissions are paid periodically. The district court misapplied the regulations, failing to allocate each of Freixa's monthly commissions to the workweeks in the month during which it was earned.

1.  The Department's regulations provide that an employee's regular rate is determined no differently for purposes of 7(i)'s minimum pay requirement than for any other FLSA provision.  See 29 C.F.R. 779.419(b) ("The computation of the regular rate for purposes of the Act is explained in part 778 of this chapter."). The regulations at part 778 provide:

> If the calculation and payment of the commission cannot be completed until sometime after the regular pay day for the workweek, the employer may disregard the commission in computing the regular hourly rate until the amount of commission can be ascertained. . . .  When the commission can be computed and paid, . . . it is necessary, as a general rule, that the commission be apportioned back over the workweeks of the period during which it was earned.

29 C.F.R. 778.119.  They further provide that "[i]f it is not possible or practicable to allocate the commission among the workweeks of the period *in proportion to the amount of commission actually earned or reasonably presumed to be earned each week*, some other reasonable and equitable method must be

23

adopted."  29 C.F.R. 778.120 (emphasis added).  Thus, when a

commission is earned during a period longer than a week and

cannot be allocated to the weeks in that period based on when

and how the commission was actually earned, other reasonable and

equitable methods to allocate the commission within the period

may be used.  See id.  The regulations, however, provide no

basis for dispensing with the workweek as the standard for

determining whether overtime pay is due or the 7(i) exemption is

met.  See id.

The regulations identify two "reasonable and equitable"

methods for allocating commissions in such a situation.  First,

the employer may "[a]ssume that the employee earned an equal

amount of commission in each week of the commission computation

period" and evenly allocate the commission to each week in that

period.  29 C.F.R. 778.120(a).  The regulations provide, for

example, that a commission earned monthly may be evenly

allocated to the workweeks in that month.  See 29 C.F.R.

778.120(a)(1).  Second, if there are "facts which make it

inappropriate to assume equal commission earnings for each

workweek," the employer may "assume that the employee earned an

equal amount of commission in each hour that he worked during

the commission computation period."  29 C.F.R. 778.120(b).

Under this method, if the commission is earned monthly, the

commission is allocated evenly to each hour worked in the month.

24

See id.  The Secretary is not aware of any facts in this case
"which make it inappropriate to assume equal commission earnings
for each workweek."  Therefore, each commission payment by
Prestige should have been divided evenly among the workweeks in
the month during which the commission was earned, as 29 C.F.R.
778.120(a) provides.[11]

2.  The district court correctly stated that "federal
regulations permit 'some other reasonable and equitable method'
to distribute deferred commissions in cases where it is 'not
possible or practicable to allocate the commission among the
workweeks of the period in proportion to the amount of
commission actually earned or reasonably presumed to be earned
each week.'"  Order, 4 (quoting 29 C.F.R. 778.120).  As set
forth above, however, the regulations provide no basis for
ignoring a workweek-by-workweek analysis of 7(i)'s minimum pay
requirement and instead simply averaging Freixa's total pay
including commissions over his entire employment to determine
the regular rate.  Rather, the regulations provide a means for

---

[11] WHD has stated that 29 C.F.R. 778.120 "permits a choice of
allocating equal amounts of commission either to each workweek
or to each hour worked."  WHD Op. Lett. WH 515, 1982 WL 213487,
at *1 (July 13, 1982).  Applying the second method (allocating
each commission evenly to each hour worked in the period during
which it was earned) would not change the result that Prestige
did not satisfy 7(i)'s minimum pay requirement in all of the
weeks worked by Freixa.

allocating commissions consistent with the overarching workweek-by-workweek principle.

Thus, the district court's conclusion that it was "'not possible or practicable to allocate' [Freixa's] commissions by each workweek since he received lump-sum commission payments for cruise vacation sales he completed in prior weeks" (Order, 4) misses the point. It may not have been possible or practicable to allocate each commission payment among the workweeks in the period during which the commission was earned *in proportion to the amount of commission actually earned or reasonably presumed to be earned each week*. But, it was possible to allocate each commission payment among the workweeks in the period during which the commission was earned, and the Department's regulations, as set out above, explain how to do so. <u>See</u> 29 C.F.R. 778.120.

Here, each commission payment was for a monthly period, and each commission should have been allocated evenly among the workweeks in the month during which it was earned. <u>See</u> 29 C.F.R. 778.120(a). Specifically, the evidence shows that Prestige:

- calculated Freixa's commissions each month and paid him the commissions earned during each month toward the end of the following month, <u>see</u> ECF No. 42-16 at 4-5;

- established monthly sales targets for Freixa, <u>see</u> ECF No. 42-10 at 2-4;

26

- paid Freixa no commissions for a month if he did not make enough sales during the month, see ECF No. 43, ¶ 7; and

- identified in its interrogatory answers the month in which each commission dollar paid Freixa was earned, see ECF No. 42-16 at 4-5.

A Prestige 30(b)(6) corporate designee testified that the commissions were "calculated monthly and paid by the end of the following month." ECF No. 42-13 at 45:4-5. And Prestige acknowledged in its filings with the district court that the commissions were earned monthly:

> In this case, [Freixa] received commission payments the month after he earned them; specifically, the second paycheck he received each month would include a commission payment that represented a percentage of the value of the total number of cruise vacations that he sold during the previous month. . . . Prestige issued commission payments to [Freixa] the month after he earned them but did not trace a proportion of each payment to a specific workweek – rather, payments were based on the total number of cruise vacations he booked in the prior month.

ECF No. 52 at 4-5 (emphasis in original); see ECF No. 55 at 3.[12]

Given that Freixa earned the commissions monthly, Prestige's argument that 7(i)'s minimum pay requirement was satisfied because his total earnings over the course of his employment divided by his total hours worked produced an average hourly rate in excess of one and one-half times the minimum wage was wrong under the Department's regulations.[13]

---

[12] ECF No. 52 is available in the Appendix, Volume II, and ECF No. 55 is available in Volume III.

[13] Freixa's argument before the district court that each commission should have been allocated to the workweek in which

3.  Had the district court analyzed 7(i)'s minimum pay requirement on a workweek-by-workweek basis and allocated each commission payment evenly across the workweeks in the month during which it was earned, it would have determined that Freixa did not meet the requirement in all of the weeks.  Specifically, Freixa received nine monthly commission payments.  See ECF No. 42-16 at 4-5.  During the weeks in those months, the $500 weekly payment plus the commission allocated to the week generally exceeded one and one-half times the minimum wage.  In several months, however, Freixa received no commissions.  During the weeks in those months, the $500 weekly payment alone did not satisfy the requirement in weeks when Freixa worked at least 46 hours (he alleges that he worked over 60 hours weekly).  Thus, during those weeks — which comprised approximately 25% of the weeks during his employment — he was not exempt from overtime pay under section 7(i).  As discussed above, courts find that 7(i)'s minimum pay requirement is met during some weeks of employment but not during other weeks.  See Johnson, 4 F. Supp.3d at 445-46 (employer did not satisfy the requirement for

_____

it was paid (and thus that he was exempt under 7(i) in only those nine weeks in which he received a commission payment) was also wrong under the Department's regulations.  Each commission was earned during the month prior to payment, and as set forth herein, 29 C.F.R. 778.119 and 778.120 account for deferred payment of commissions and provide for allocation of a commission to the workweeks in an earlier period during which it was earned.

one period and satisfied the requirement for some, but not all, of the weeks during another period); Viciedo, 246 F. Supp.2d at 895-96 (employer failed to show that it satisfied the requirement for those weeks during which employees earned less than one and one-half times the minimum wage); Owopetu, 2011 WL 883703, at *10-11 (employee's regular rate of pay exceeded one and one-half times the minimum wage in many weeks, but not in several other weeks); Wagner, 2016 WL 880371, at *17 (denying employer's summary judgment motion because employee was paid less than one and one-half times the minimum wage "during at least three pay periods").[14]

---

[14] The district court stated that "the oscillating nature of a commissioned employee's hours and wages make it 'unlikely that Congress meant to require employers to pay overtime in the lean weeks when the fat weeks more than make up.'"  Order, 4 (quoting Walton v. United Consumers Club, Inc., 786 F.2d 303, 307 (7th Cir. 1986)).  The statement in Walton, however, was *dictum*, is not binding on this Court, and is wrong for the reasons set forth herein.  The court in Walton also asserted that "[o]ther cases have used periods as long as a year to establish average wages."  786 F.2d at 307 (citing Triple "AAA" Co. v. Wirtz, 378 F.2d 884, 887 (10th Cir. 1967)).  However, Triple "AAA" did not involve commissions or section 7(i) and was a straightforward example of converting a monthly salary to a weekly amount when determining the regular rate for overtime pay purposes.  See 378 F.2d at 886-87.  The court in Walton further asserted with respect to 7(i)'s minimum pay requirement that "§7(i) itself suggests that a month is the minimum reasonable accounting period."  786 F.2d at 307.  However, the court misread section 7(i) and mistakenly referred to the exemption's requirement that the employee be paid primarily by commissions "for a representative period (not less than one month)," 29 U.S.C. 207(i)(2), instead of the exemption's minimum pay requirement at 29 U.S.C. 207(i)(1).

CONCLUSION

The district court failed to analyze whether Prestige satisfied 7(i)'s minimum pay requirement each workweek and to allocate each commission payment to the workweeks in the month during which it was earned in accordance with the Department's regulations.  Accordingly, this Court should reverse the district court's grant of summary judgment to Prestige.


Respectfully submitted,

M. PATRICIA SMITH
Solicitor of Labor

JENNIFER S. BRAND
Associate Solicitor

PAUL L. FRIEDEN
Counsel for Appellate Litigation


/s/ Dean A. Romhilt
DEAN A. ROMHILT
Senior Attorney
U.S. Department of Labor
Office of the Solicitor
200 Constitution Avenue, N.W.
Room N-2716
Washington, D.C.  20210
(202) 693-5550

<u>CERTIFICATE OF COMPLIANCE</u>

Pursuant to Federal Rules of Appellate Procedure 29(c)(7), 29(d), and 32(a)(7)(C), I certify that the foregoing Brief for the Secretary of Labor as *Amicus Curiae* in Support of Plaintiff-Appellant complies with:

(1) the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) because it was prepared in a monospaced typeface (Courier New 12-point font) containing no more than 10.5 characters per inch; and

(2) the type-volume limitation of Federal Rules of Appellate Procedure 29(d) and 32(a)(7)(B)(i) because it contains 6,993 words, excluding the parts of the Brief exempted by Federal Rule of Appellate Procedure 32(a)(7)(B)(iii).


/s/ Dean A. Romhilt
DEAN A. ROMHILT

<u>CERTIFICATE OF SERVICE</u>

I certify that a true and correct copy of the foregoing Brief for the Secretary of Labor as *Amicus Curiae* in Support of Plaintiff-Appellant was served this 17th day of November, 2016, via the Court's ECF system and by pre-paid overnight delivery, on the following:

Sam J. Smith
Loren Donnell
Burr & Smith, LLP
111 2nd Avenue NE
Suite 1100
Saint Petersburg, FL  33701

Keith M. Stern
Law Office of Keith M. Stern, PA
8333 NW 53 Street
Suite 450
Doral, FL  33166

Robert S. Norell
Robert S. Norell, PA
7350 NW 5th Street
Plantation, FL  33317-1605

Larry S. Perlman
Mark J. Neuberger
Angelica Leigh Boutwell
Foley & Lardner LLP
One Biscayne Tower
2 S. Biscayne Boulevard
Suite 1900
Miami, FL  33131

/s/ Dean A. Romhilt
DEAN A. ROMHILT